(Pleito No. 213.—Fallado el 28 de Junio de 1902.)

## Mouriño contra Carreras.

Recurso contra sentencia dictada por la Corte de Distrito de Ponce.

Tercería de dominio.—Es condición indispensable á la reivindicación que el demandante pruebe la identidad de la cosa que reclama.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y ocho de Junio de mil novecientos dos, en los autos procedentes del Tribunal de Distrito de Ponce, seguidos entre partes, de la una Don Juan Mouriño y Vilar, como demandante, y de la otra, como demandados, Don Pedro Gely y Ros y Don Pedro Carreras y Robán sobre tercería de

dominio; autos pendientes ante Nos en recurso de casación por infracción de ley, que ha interpuesto la parte demandante, á la que ha representado y defendido el Letrado Don Herminio Díaz Navarro, ante esta Corte Suprema, habiendo llevado la representación y defensa de Carreras el Letrado Don Manuel F. Rossy, sin que haya comparecido la otra parte recurrida.—1º Resultando: Que en virtud de demanda ejecutiva interpuesta por Don Pedro Gely contra Don Pedro Carreras con fecha veinte y tres de Febrero de mil ochocientos noventa y siete, ante el suprimido Juzgado de 1ª Instancia de Ponce, en cobro de dos mil pesos intereses y costas, fué embargado á Carreras un predio rústico compuesto de ciento setenta y cinco cuerdas de terreno, radicado en el barrio de Collores del término Municipal de Juana Díaz, y colindante al norte con Doña Isidora Villalón, hoy Don Francisco Martín, y el ejecutado; al sur con Don Francisco Bartolomé, al este con Don Juan Félix Pérez, Don Pedro Carreras y Doña Agustina Báez, y al oeste con el mismo ejecutado Carreras, habiendo sido nombrado administrador de dicho terreno Don Pedro Anguita.—2º Resultando: Que Don Juan Mouriño, con fecha siete de Febrero de mil ochocientos noventa y nueve, dedujo ante el referido Juzgado demanda de tercería de dominio contra Don Pedro Gely y Don Pedro Carreras, con súplica de que se le devolvieran cuatrocientas diez cuerdas, dos mil setecientas treinta y una varas cuadradas de terreno, de que había sido desposeído en virtud de un expediente de posesión judicial promovido por Carreras y con motivo del embargo practicado en el mencionado ejecutivo, con abono además de los frutos dejados de percibir y los consumidos en la administración, como también de todos los accesorios de la finca, especialmente las casas de habitación, máquina, tablazones y maderas de que se había apropiado el administrador, alzándose el embargo de los terrenos, con devolución de los mismos al tercerista, indemnización de daños y perjuicios y expresa condenación de costas á los demandados.—

3º Resultando: Que en apoyo de su pretensión alegó Don Juan Mouriño que por compra al Estado Español había adquirido en subasta pública dos lotes de terreno, uno de ciento seis cuerdas y cuatro mil setecientas sesenta y dos varas cuadradas en el barrio de "Ala de la Piedra", del término de Barros, según escritura otorgada á su favor en tres de Diciembre de mil ochocientos noventa, y otro lote compuesto de trescientas tres cuerdas, tres mil quinientas noventa y cuatro varas cuadradas, ubicadas en el barrio de Collores de Juana Díaz, según escritura pública otorgada á su favor en diez y ocho de Junio de mil ochocientos noventa y uno, ambos documentos inscritos en el Registro de la Propiedad con fecha veinte de Abril y primero de Septiembre de mil ochocientos noventa y uno y acompañados á la demanda; que desde que adquirió dichas parcelas de terrenos estuvo en quieta y pacífica posesión de ellas hasta el mes de Diciembre de mil ochocientos noventa y seis, en que, á pretexto de una posesión judicial sobre ciento setenta y cinco cuerdas de terreno, intentó Don Pedro Carreras despojarle de todo el terreno comprado al Estado, lo que consiguió, apropiándose de la cosecha de café, despojo que se dejó sin efecto en el mes de Abril de mil ochocientos noventa y siete; que Don Pedro Gely obtuvo el embargo de las cuatrocientas diez cuerdas que montaban los dos lotes de terrenos en el juicio ejecutivo de que es incidente la presente tercería, pues al embargarse como de Carreras ciento setenta y cinco cuerdas radicadas en la jurisdicción de Juana Díaz, se hizo extensivo el embargo á ambas porciones de terreno con sus frutos y casa de habitación, beneficiándose además Carreras de una máquina nueva de descascarar café de la propiedad de Mouriño; y que el perjuicio sufrido por este asciende en primer término á cuatro mil quinientos pesos, y después á seis mil, por la mala gestión de Don Ruperto Anguita, administrador judicial de la finca.—4º Resultando: Que emplazados Don Pedro Carreras y Don Pedro Gely, el primero por su incomparecencia fué

declarado rebelde, y el segundo se opuso á la demanda,. pidiendo se declarara sin lugar, con las costas al actor, é indemnización de daños y perjuicios; á cuyo efecto alegó que la posesión que llegó Mouriño á disfrutar en los terrenos de que se trata, fué temporal y debida á violencias ejercidas por aquel contra Doña Agustina Báez y Doña Juana Cosme, quienes desalojadas de los mismos, promovieron un interdicto para recobrar la posesión en el año de mil ochocientos noventa y uno, cuyo interdicto fué declarado con lugar por el Juzgado de 1ª Instancia de Ponce, no obstante lo cual quedó Mouriño poseyendo dichos terrenos en virtud de un pacto; que Don Jerónimo Báez fué dueño y estuvo en posesión de las ciento setenta y cinco cuerdas de terreno embargadas, desde el año de mil ochocientos sesenta y uno, con título inscrito en el Registro de la Propiedad, habiéndolos poseído anteriormente los primitivos dueños desde el año de mil ochocientos cincuenta; que Báez por escritura pública de veinte de Agosto de mil ochocientos setenta y tres vendió á Don Beltrán Elías Lamouthe novecientas cincuenta cuerdas de terreno en el barrio de Collores, lugar de la Altura y sitio de "Las Burras," término municipal de Juana Díaz; que Lamouthe, por escritura pública de diez y nueve de Febrero de mil ochocientos setenta y cinco, vendió á Báez la misma finca que de él había adquirido; que el propio Báez, por escritura pública de dos de Agosto de mil ochocientos setenta y cuatro, vendió á Don Evangelista Figueroa doscientas cuarenta cuerdas del mismo terreno, cuya inscripción le fué denegada por la razón de que no le quedaban más que ciento setenta y cinco cuerdas, que es precisamente el terreno litigioso; que Don Evangelista Figueroa, por escritura pública de diez y ocho de Marzo de mil ochocientos setenta y cinco, vendió al Báez las doscientas cuarenta cuerdas que del mismo había habido; que la sucesión de Don Jerónimo Báez, por escritura pública de trece de Junio de mil ochocientos noventa y seis, vendió á Don Pedro Carreras y Robán las ciento setenta y cinco cuerdas de terreno

actualmente en litigio, habiéndose inscrito dicho documento en el Registro de la Propiedad con fecha veinte y tres de Octubre del mismo año, en cuanto á quince diez y seis avas partes de la cabida de la finca, y denegádose la inscripción respecto de la otra diez y seis ava parte restante, por no resultar inscrita á favor de la parte vendedora; que como Don Juan Mouriño poseía indebidamente ese terreno, Carreras promovió expediente para conseguir la posesión judicial del mismo, la que obtuvo el día siete de Diciembre de mil ochocientos noventa y seis, y por virtud de ella se encontraba Carreras en el disfrute de la finca; que Don Pedro Gely sólo ha embargado á Carreras ciento setenta y cinco cuerdas de terreno, ó sean las mismas que adquirió de la sucesión de Don Jerónimo Báez y que ese terreno no es el que Mouriño compró al Estado Español.—5º Resultando: Que corridos los trámites de réplica y dúplica, y practicadas por ambas partes las pruebas que estimaron oportunas, el Tribunal de Distrito de Ponce dictó sentencia en diez de Enero de mil novecientos, por la que, declarando sin lugar la demanda interpuesta, absolvió de ella á los demandados Don Pedro Gely y Don Pedro Carreras, alzando la suspensión del procedimiento de apremio en el juicio ejecutivo de Gely contra Carreras, con las costas á cargo del tercerista Mouriño.—6º Resultando: Que contra esa sentencia ha interpuesto Don Juan Mouriño recurso de casación por infracción de ley, autorizado por los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:—Primero. Error de hecho en la apreciación de las pruebas, al estimarse en el Considerando cuarto de la referida sentencia que Don Pedro Carreras está en posesión de las ciento setenta y cinco cuerdas litigiosas, por más que gestiones de Mouriño interrumpieran accidentalmente tal posesión, pues la certificación auténtica expedida por el Secretario del Tribunal de Ponce en primero de Noviembre de mil ochocientos noventa y nueve acredita que Carreras pidió en tres de Diciembre

de mil ochocientos noventa y seis la posesión de las mencionadas ciento setenta y cinco cuerdas, cuya posesión le fué dada el día cinco del mismo mes, pero habiéndose opuesto á ella Mouriño y pedido que volviesen las cosas á su anterior estado, se proveyó de conformidad en veinte y dos de Enero siguiente, siendo en su consecuencia reintegrado Mouriño el veinte y dos de Abril en la posesión del terreno de referencia, el que en virtud de la demanda ejecutiva interpuesta el veinte y tres de Febrero de que es incidente la tercería, fué embargado y puesto bajo la administración de Don Ruperto Anguita, siendo ese terreno el mismo en cuya posesión fué reintegrado Mouriño después del embargo, sin que haya en autos documento alguno ú otra prueba que evidencie que después del veinte y dos de Abril de mil ochocientos noventa y siete se haya quitado la posesión á Mouriño, quien por tanto lo poseía al embargarlo Gely en su ejecutivo contra Carreras. — Segundo.   Otro error de hecho en la apreciación de las pruebas, al afirmarse en el quinto Considerando de la sentencia que se halla fuera de toda duda que Mouriño adquirió del Estado, por remate público varias parcelas de terreno en las jurisdicciones de Juana Díaz y Barros, cuyos límites y situación pueden confundirse con la finca litigiosa, sin que haya venido al juicio una prueba acabada y perfecta que no permita dudar que se trata de las mismas tierras, cuando la certificación del acto de posesión que se le dió á Mouriño el veinte y dos de Abril de mil ochocientos noventa y siete de los terrenos que como de Carreras fueron embargados en el ejecutivo que le sigue Gely, robustecida esa certificación por el informe pericial que en el acto del juicio oral dió el agrimensor Don Francisco Valls, justifica lo que en la demanda se afirma, ó sea que Gely embargó como de Carreras terrenos comprendidos entre los que hubo Mouriño del Estado por subasta pública, según la escritura de diez y ocho de Junio de mil ochocientos noventa y uno.—Tercero.   Otro error de hecho en la apreciación de las pruebas, al no

declarar probado la Sala sentenciadora que el título de
Mouriño fué inscrito en el Registro de la Propiedad corres-
pondiente el primero de Septiembre de mil ochocientos
noventa y uno, según nota estampada en el mismo, cuya
autenticidad no ha sido impugnada, mientras que el título
de Carreras fué inscrito el veinte y tres de Octubre de
mil ochocientos noventa y seis, según nota del mismo,
ignorándose el día en que se inscribió la propiedad de
los vendedores de Carreras y del causante de ellos.—Cuarto.
Error de derecho originado por los anteriores errores de hecho
al no admitir como indiscutibles las resultancias de los
documentos públicos y solemnes de que se deja hecho mérito,
infringiéndose así los artículos 1,216 y 1,218 del Código
Civil, que determinan el valor probatorio de dichos docu-
mentos.—Quinto.  Infracción de los artículos 446, 447 y
448, en relación con los 438, 430 y 432 del Código Civil,
porque probados en autos que al embargarse por Gely á
Carreras los terrenos litigiosos se hallaba en posesión de ellos
Mouriño, como así era, en razón á que la posesión que
disfrutaba Carreras se dejó sin efecto, reintegrándose en ella
á Mouriño, es claro que este debió ser respetado y amparado
en ella para no ponérsele en el caso, mediante el embargo
practicado, de deducir la demanda de tercería y de exhibir
en ella su justo título.—Sexto.  Infracción de los artículos
348, 349 y 609 del Código Civil, porque cerrando el paso
á la acción reivindicatoria de que ha hecho uso Mouriño
en virtud de haber adquirido por contrato de compra-venta
la propiedad del bien que trata de reivindicar, se le ha
privado de esa propiedad, sin existir para ello causa de
utilidad pública.—Séptimo.  Infracción de los artículos 24
y 27 de la Ley Hipotecaria, por cuanto no se ha permitido
que el título de Mouriño, inscrito en el Registro con anterio-
ridad al de Carreras y sus causantes, surta sus efectos contra
Carreras y Gely, que son terceros respecto de Mouriño.—
Visto:  Siendo Ponente el Juez Asociado Don James H.
MacLeary.—1? Considerando:  Que es condición indispen-

sable á la reivindicación que el demandante pruebe durante el juicio la identidad de la cosa que reclama, ó sea que ésta es la misma á que se refieren los títulos y documentos presentados en justificación del dominio, máxime cuando el demandado niega expresamente tal identidad, como sucede en el presente caso.—2º Considerando: Que el Tribunal del Distrito de Ponce ha estimado por el conjunto de las pruebas practicadas en el juicio, que Don Juan Mouriño no ha justificado que los terrenos objeto de la tercería sean los mismos á que se refieren los títulos que ha presentado como comprobantes del dominio que reclama, y que contra tal juicio de la Sala sentenciadora no pueden estimarse cometidos los errores de hecho y de derecho que se le alegan en el recurso, pues en cuanto á los primeros no existe documento ó auto auténtico que demuestre la equivocación evidente del juzgador; y en cuanto á los errores de derecho no se desconocen en la sentencia recurrida la eficacia y alcance legal de los documentos traídos al juicio, sino que se les niega fuerza probatoria para demostrar la identidad de los terrenos reclamados, procediendo en ello con arreglo á derecho el Tribunal sentenciador, dada la diversidad de la cabida y colindancias de los terrenos embargados, en relación con la cabida y colindancias de los terrenos á que se refieren los documentos en que el tercerista funda su derecho de dominio.—3º Considerando: Que por las razones expuestas es improcedente el recurso como comprendido en el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil; y que también es de rechazarse en cuanto aparece autorizado por el número 1 del mismo artículo, pues subsistiendo la apreciación de las pruebas hecha por la Sala sentenciadora, no es posible que se hayan cometido las infracciones legales apuntadas en la exposición de los motivos 5º, 6º y 7º del recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Juan Mouriño Vilar, al que condenamos en las costas; y, con devolución de los autos, comuníquese esta resolución al

Tribunal de Distrito de Ponce á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado de este Tribunal Don James H. MacLeary, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y ocho de Junio de mil novecientos dos.—Antonio F. Castro, *Secretario.*